UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARLON JERMAIN CHERRY,<br><br>                  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                  Defendant. | Case No. C16-5866RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD |

This matter comes before the Court on plaintiff Marlon Jermain Cherry's motion to supplement the record. See Dkt. 9. Plaintiff requests that medical records that were submitted to the Appeals Council be added to the administrative record ("AR") because the Appeals Council refused to do so. See id. The Commissioner of the Social Security Administration ("Commissioner") challenges the Court's authority to supplement the record and argues that plaintiff has not met the requirements for remand under sentence six of 42 U.S.C. § 405(g). The Court agrees that it may not supplement the record and that plaintiff has not met the requirements for remand, so the Court DENIES the motion.

I.      PROCEDURAL HISTORY

An administrative law judge ("ALJ") issued a decision denying plaintiff's applications

ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT
THE RECORD - 1

1  for disability benefits on June 24, 2015. See AR at 10-25. Plaintiff appealed to the Appeals
2  Council, and while the appeal was pending, plaintiff submitted a new physical evaluation by
3  James Roscetti, M.D., to the Appeals Council. See AR at 2. The Appeals Council, in denying
4  plaintiff's appeal, disregarded the evaluation, stating that the information was "about a later
5  time." See id.
6      Plaintiff filed a complaint in this Court appealing the Commissioner's final decision on
7  October 13, 2016. Dkt. 3. The Commissioner answered plaintiff's complaint by filing the
8  administrative record on December 19, 2016. Dkt. 6. Plaintiff filed a motion to supplement the
9  record on January 16, 2017. Dkt. 9.
10                II.   DISCUSSION
11     Plaintiff moved to amend the administrative record to incorporate Dr. Roscetti's
12 evaluation, in order to allow the Court to consider the additional materials when evaluating
13 plaintiff's claims on the merits. See Dkt. 9. The Commissioner objects to any attempt to amend
14 the administrative record, arguing the Court has no authority to do so. See Dkt. 11-2.
15     In Social Security cases, judicial review of an ALJ's decision may only be based "upon
16 the pleadings and transcript of the record." 42 U.S.C. § 405(g). The "transcript of the record,"
17 includes the evidence upon which the findings and decision complained of are based and,
18 importantly, is filed by the Commissioner as part of her answer to the claimant's complaint. *Id*.
19 The statute does not provide the Court with a procedure for amending the administrative record
20 on appeal. Furthermore, the Court has no jurisdiction to review the Appeals Council's exclusion
21 of the evidence because "[w]hen the Appeals Council denies a request for review, it is a non-
22 final agency action not subject to judicial review," and "the ALJ's decision becomes the final
23 decision of [defendant]." See Taylor v. Comm'r, Soc. Sec. Admin., 659 F.3d 1228, 1231 (9th

Cir. 2011). The Court, therefore, "may neither affirm nor reverse the Appeals Council's decision." Id.

However, as noted by the Commissioner, sentence six of 42 U.S.C. § 405(g) permits the Court to remand a case for failure to incorporate evidence into the record. See Dkt. 11-2 at 2. According to sentence six, the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To be material, "the new evidence must bear 'directly and substantially on the matter in dispute.'" See Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001) (citation omitted). Plaintiff also must demonstrate a "reasonable possibility" the new evidence "would have changed the outcome of the administrative hearing." Id. (citation omitted). To demonstrate "good cause," plaintiff must show that the new evidence "was unavailable earlier." Id. at 463. The good cause requirement will not be met by "merely obtaining a more favorable report once . . . [his] claim has been denied." Id.[1]

Here, without addressing the materiality of the evidence, the Court finds that the good cause requirement has not been met. Plaintiff provides no explanation, and the Court cannot infer, why the new medical evidence could not have been available earlier, before the ALJ issued his decision. See Dkt. 9, Dkt. 15. Instead, it appears that plaintiff obtained and submitted Dr.

---

[1] In Mayes, the Ninth Circuit applied the standard set forth in sentence six of 42 U.S.C. § 405(g) – which is used to determine whether to remand in light of new evidence submitted for the first time to the federal court – to determine whether remand was appropriate in light of additional evidence submitted for the first time to the Appeals Council. Id. at 461-62. The Ninth Circuit did so while expressly holding that it had not decided whether good cause is required to review evidence submitted for the first time to the Appeals Council because the claimant conceded in her brief that good cause was required. See id. at 461 n.3. Accordingly, this Court will apply the same standard here because plaintiff conceded that remand under sentence six was an appropriate remedy and did not argue that good cause was not required. See Dkt. 15 at 3.

ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT
THE RECORD - 3

Roscetti's assessment because it would bolster his claim that the ALJ erred in discounting the opinion of Myrna Palasi, M.D. See Dkt. 15 at 2. Therefore, plaintiff has not met his burden of showing that the new evidence was unavailable earlier, so he has not met the requirements of a remand under sentence six of 42 U.S.C. § 405(g).

III.   CONCLUSION

Because the Court has no authority to supplement the record and plaintiff has not met the good cause requirement of a remand under sentence six of 42 U.S.C. § 405(g), the Court DENIES plaintiff's motion.

Dated this 27th day of February, 2017.

*ROBERT S. LASNIK (signature)*
ROBERT S. LASNIK
United States District Judge