UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLON JERMAIN CHERRY,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

NO. C16-5866RSL

ORDER AFFIRMING
COMMISSIONER'S DECISION
AND DISMISSING CASE

Plaintiff Marlon Jermain Cherry appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff is a 45-year-old man with a GED. Administrative Record ("AR") at 231, 235. His past work experience was as a chef and a laborer. AR at 236. Plaintiff was last gainfully employed in November of 2013. AR at 235.

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 1

Plaintiff protectively filed applications for DIB and SSI on January 7, 2014. AR at 13. Plaintiff asserted that he was disabled due to anemia, abdominal pain, portal hypertension, and alcohol use disorder. AR at 234.

The Commissioner denied plaintiff's claims initially and on reconsideration. AR at 13. Plaintiff requested a hearing, which took place on March 17, 2015. Id. On June 24, 2015, the ALJ issued a decision finding that plaintiff was not disabled based on his finding that plaintiff could perform past relevant work. AR at 13-20. Plaintiff's request for review by the Appeals Council was denied on September 14, 2016 (AR at 1-7), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On October 13, 2016, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 3.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

III.     EVALUATING DISABILITY

As the claimant, Mr. Cherry bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## IV. DECISION BELOW

On June 24, 2015, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since November 5, 2013, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: B-12 deficiency/anemia and chronic liver disease and cirrhosis from a history of alcoholism (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c).

5. The claimant is capable of performing past relevant work as an extruder operator and a store laborer (20 C.F.R. §§ 404.1565 and 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, from November 5, 2013, through the date of the decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

AR at 13-20.

## V. ISSUES ON APPEAL

The issues on appeal are:

A. Whether the ALJ erred in evaluating plaintiff's severe impairments.

B. Whether the ALJ erred in evaluating the medical evidence in the record.

C. Whether the ALJ erred in evaluating plaintiff's testimony.

D. Whether the ALJ erred by finding at step four that plaintiff could perform past relevant work.

Dkt. 17 at 1.

## VI. DISCUSSION

A. <u>Evaluation of Plaintiff's Severe Impairments</u>

Plaintiff argues that the ALJ erred by failing to find plaintiff's short bowel syndrome and Gilbert's syndrome to be severe impairments. See Dkt. 17 at 5-7. The Court finds no harmful error.

At step two of the sequential evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(a)(4)(iii), (c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most

jobs." 20 C.F.R. § 416.921(b); SSR 85-28, 1985 WL 56856, at *3. The claimant has the burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).

The step-two inquiry, however, is a *de minimis* screening device used to dispose of groundless claims. See Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ must still consider all medically determinable impairments, not just those determined to be severe, when assessing a claimant's RFC. See SSR 96-8p, 1996 WL 374184, at *2. Therefore, where an ALJ finds in a claimant's favor at step two, any error in failing to determine other impairments to be severe is harmless so long as the ALJ considered the limitations stemming from those impairments throughout the remainder of the analysis. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (finding that an ALJ's error is harmless where it is inconsequential to the ultimate disability determination).

Here, the ALJ found in plaintiff's favor at step two, determining that he had the severe impairments of B-12 deficiency/anemia and chronic liver disease and cirrhosis from a history of alcoholism. See AR at 15. Plaintiff argues that the opinions of Norman Staley, M.D., and Myrna Palasi, M.D., show that plaintiff's short bowel syndrome and Gilbert's syndrome were severe impairments. See Dkt. 17 at 5-7. However, the ALJ evaluated those opinions in assessing plaintiff's RFC and gave sufficient reasons to discount the opinions, as discussed below. See infra § VI.B. Therefore, plaintiff does not meet his burden of establishing that any error by the ALJ in evaluating his severe impairments was harmful.

//

//

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 6

B. <u>Evaluation of the Medical Evidence</u>

Plaintiff argues that the ALJ erred in his analysis of the medical evidence in the record. <u>See</u> Dkt. 17 at 5-7. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. <u>See</u> <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." <u>Morgan v. Comm'r, Soc. Sec. Admin.</u>, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." <u>Id.</u> at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." <u>Reddick</u>, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Id.</u> The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a physician. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996). Even when a physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Id.</u> at 830-31.

    1. <u>Norman Staley, M.D.</u>

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of state agency physician Dr. Staley. <u>See</u> Dkt. 17 at 5-6. The Court disagrees.

1    In July of 2014, Dr. Staley reviewed the medical evidence and found that plaintiff was
2 capable of performing medium work with some additional restrictions, including avoiding
3 unprotected heights, bending, and more than occasional climbing of ladders or scaffolds. See
4 AR at 113-14. The ALJ gave Dr. Staley's opinion great weight but found that plaintiff could
5 perform the full range of medium work, discounting the additional restrictions because they
6 were inconsistent with medical evidence that was admitted into the record after Dr. Staley
7 formed his opinion. See AR at 18.

The opinions of non-examining state agency physicians serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. See Thomas, 278 F.3d at 957. Here, portions of Dr. Staley's opinion were inconsistent with normal physical exam findings and plaintiff's reports to providers, which indicated that the relevant symptoms were not present when plaintiff was under prescribed treatment. See, e.g., AR at 426-27, 432-33, 513-14. Therefore, substantial evidence supports the ALJ's reason for discounting portions of Dr. Staley's opinion in assessing plaintiff's RFC.

2.   Myrna Palasi, M.D.

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of non-examining physician Dr. Palasi. See Dkt. 17 at 6-7. The Court disagrees.

In December of 2013, Dr. Palasi reviewed the medical evidence and found that plaintiff was incapable of performing even sedentary work. See AR at 385-88. The ALJ gave Dr. Palasi's opinion little weight because it was inconsistent with medical evidence that was admitted into the record after Dr. Palasi formed her opinion. See AR at 18.[2] For the same

---

[2] The ALJ stated that Dr. Palasi only reviewed a small portion of the medical record and that "significantly more records [were] submitted after [Dr. Palasi's opinion] was

1 reasons described above, substantial evidence supports the ALJ's finding that clinical findings
2 in the medical record were inconsistent with the severity of the limitations in Dr. Palasi's
3 opinion. See supra § VI.B.1. Therefore, the ALJ did not err in evaluating the medical evidence.

C. Evaluation of Plaintiff's Testimony

Plaintiff argues that the ALJ erred by discounting plaintiff's subjective complaints. See Dkt. 17 at 7-9. The Court disagrees.

Questions of credibility are solely within the control of the ALJ. See Sample, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. Allen v. Heckler, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

Here, plaintiff testified that his impairments limited his ability to bend at the waist or perform physical tasks that lasted for more than two hours without taking rest periods. See AR

---

rendered." AR at 18. Though the ALJ did not specifically state that the evidence postdating Dr. Palasi's opinion was inconsistent with the opinion, the Court infers that the ALJ gave little weight to Dr. Palasi's opinion for that reason. See Magallanes, 881 F.2d at 755 (the Court may draw "specific and legitimate inferences from the ALJ's opinion.").

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 9

at 47-50. The ALJ found that plaintiff was limited due to his impairments but not to the degree that plaintiff described because, among other reasons, plaintiff responded well to treatment and because that treatment was "routine and conservative in nature." See AR at 17-18.

An ALJ may discount a claimant's subjective complaints on the basis of medical improvement in the record following treatment. See Morgan, 169 F.3d at 599. Furthermore, an ALJ may consider conservative treatment to be suggestive of a lower level of pain and functional limitation when evaluating a claimant's complaints. See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995). Here, plaintiff received treatment for his impairments in the form of vitamin B-12 injections and iron supplements. See AR at 390, 393. In several treatment notes, plaintiff reported that he was doing well and had no complications or complaints regarding his anemia and B-12 deficiency. See, e.g., AR at 390-91, 414-20, 513-14. Therefore, the ALJ provided a clear and convincing reason supported by substantial evidence to discount the severity of the limitations to which plaintiff testified.

C. The ALJ's Finding at Step Four

Plaintiff argues that the ALJ erred at step four in finding plaintiff capable of performing past relevant work. See Dkt. 17 at 9-12. Plaintiff argues that the step-four finding is not supported by substantial evidence because the RFC was deficient due to the ALJ's alleged errors in evaluating the medical evidence. See id. However, as described above, the Court finds no harmful error in the ALJ's evaluation of the medical evidence in the record and therefore finds no error in the RFC assessment or the ALJ's finding at step four. See supra § VI.B.

VII. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED. The Clerk

//

//

1 | of Court is directed to enter judgment in favor of defendant and against plaintiff.

2 | Dated this 6th day of July, 2017.

*signature*

Robert S. Lasnik
United States District Judge

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 11